# Idell v. Delaware County Poor District

*C. Wilfred Conard*, for petitioner.
*Clarke & Webb*, for defendants.

FRONEFIELD, P. J., June 26, 1936.—George S. Idell presented a petition for a declaratory judgment against defendants, who have filed an answer raising questions of law.

The petition alleges, inter alia, that petitioner is a registered architect; that, on August 3, 1927, he entered into a contract with the Poor District of the County of Delaware for the preparation and supervision of a comprehensive plan of development of the group of buildings of the Delaware County Poor Home; that he prepared such a plan which contemplated the erection of a building a year for approximately eight years; that, after starting to put the plan into effect, the poor district was unable to continue it because of lack of funds; that funds are now available, and the poor district is about to construct additions to the hospital; that the poor district has entered into a contract with another firm of architects, who are joined as defendants, for this additional work; that he is now and always has been ready to comply with the contract of August 3, 1927.

The prayers of his petition are that the court adjudge and decree that the aforesaid contract is valid and in effect; that the engaging of other architects is a breach thereof; that the terms of the contract cover the work now contemplated; that the court determine the measure of damages; and that the county controller, who is joined as a defendant, be enjoined from countersigning any war-

rant for the payment of public moneys for such work to any other architect than petitioner.

To this petition, defendants filed an answer raising questions of law which can be divided into two classifications: (1) Those which deny that petitioner is entitled to a declaratory judgment, and (2) those which deny that, under the facts alleged, petitioner is entitled to the relief for which he prays.

We feel that only the objections raised under the first classification are proper for consideration at the present time. The procedure in actions for declaratory judgments is now regulated by the Act of May 22, 1935, P. L. 228. Section 5 of that act provides:

"A defendant may by his answer, without first replying to the averments of fact in the petition, raise any question of law which goes either to the jurisdiction of the court or to petitioner's legal right to have the disputed matter determined in this character of proceeding, and any such question of law may be set down for hearing and disposed of in limine."

It will be seen, by a reading of this section, that no provision is made whereby the answer may raise as a question of law "the petitioner's legal right to the relief prayed for," but defendant is limited to (1) a question of law which goes to the jurisdiction of the court, or (2) a question of law which goes to petitioner's legal right to have the disputed matter determined "in this character of proceeding," i. e., declaratory judgment.

Under (1) defendant can raise the question that this court is not the proper court to hear the matter, as opposed, for example, to the orphans' court or the court of common pleas of some other county, and under (2) he can raise the question that "a statute provides a special form of remedy for (this) specific type of case" or that "no antagonistic claims are present between the parties which indicate imminent and inevitable litigation," etc.: See section 6 of the Act of June 18, 1923, P. L. 840, as amended by the Act of April 25, 1935, P. L. 72.

In this case the court clearly has jurisdiction over both the subject matter and the parties. The subject matter involved is the construction of a contract executed in this county and the parties have entered their appearances. It is argued that, because the defendants Dagit & Sons, the architects, and James T. Stewart, the controller, are not parties to the contract, they are improperly joined. However, it is not necessary that they be parties but only that they have an interest which would be affected by the declaration: Section 11 of the Act of June 18, 1923, P. L. 840. Furthermore, had they not been joined, under section 4 of the Act of May 22, 1935, P. L. 228, the court itself would have the power to require petitioner to bring them in and make them parties.

It is also clear that this is the type of case that may be decided by a declaratory judgment. Section 3 of the Act of June 18, 1923, P. L. 840, provides that "A contract may be construed either before or after there has been a breach thereof." It is argued that it is unnecessary to have the question speedily determined and that the petitioner has an adequate remedy by an action of assumpsit for damages. However, section 6, as amended, specifically provides that "the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy . . . shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present.

Because of the reasons set forth above, we are not passing upon the questions of law which pertain to the legal right of plaintiff to the relief for which he prays. These questions can be decided after an answer be filed to the merits.

Defendants' demurrer must be dismissed.

### Order

And now, to wit, June 26, 1936, it is ordered, adjudged and decreed that the questions of law raised by

defendants be and they are hereby decided against defendants. Defendants have leave, if they so desire, to file an answer to the averments of fact in the petition within 15 days.